UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA AND CATHOLIC RELIEF INSURANCE COMPANY OF AMERICA,<br><br>Petitioners,<br><br>v.<br><br>MARKEL INTERNATIONAL INSURANCE COMPANY,<br><br>Respondent. | INDEX NO. 1:23-cv-03318<br><br> |

**MOTION FOR LEAVE TO FILE UNDER SEAL**
<u>**ARBITRATION FINAL AWARD**</u>

Petitioners Catholic Mutual Relief Society of America and Catholic Relief Insurance Company (together, "Catholic Mutual"), pursuant to Section 6 of the Court's Electronic Case Filing Rules & Instructions, bring this motion to file under seal the Arbitration Final Award at the demand of Respondent, Markel International Insurance Company ("Markel"), and pursuant to the terms of the parties' confidentiality agreement. Catholic Mutual states as follows:

1. Catholic Mutual and Markel participated in an arbitration hearing beginning on April 19, 2022, presided over by a tripartite panel of arbitrators.

2. The arbitration hearing resulted in the entry of a final award ("Final Award") by the arbitration panel, dated April 25, 2022.

3. Catholic Mutual is filing, concurrent with its filing of this motion, a Petition to Confirm the Final Award in this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. The Final

1

Award has been filed as Exhibit A to the Petition to Confirm the Final Award.[1] Catholic Mutual has advised Markel of its intention to confirm the Final Award and Markel has insisted that Catholic Mutual ask the Court to seal the Final Award pursuant to the terms of the parties' arbitration confidentiality agreement, a copy of which is filed as Exhibit B to the Petition.

4. It is Catholic Mutual's position that filing the Final Award under seal is unnecessary, but it brings this Motion out of an abundance of caution.

5. Filing the Final Award under seal is improper because the Award (with the exception of the portion discussed in paragraph 6 below) will become part of the Court's judgment on confirmation and will thus become public. *See, e.g.*, *Redeemer Comm. of Highland Credit Strategies Funds v. Highland Cap. Mgmt., L.P.*, 182 F. Supp. 3d 128, 133 (S.D.N.Y. 2016) (ordering the parties to publicly file arbitration materials); *Glob. Reinsurance Corp.–U.S. Branch v. Argonaut Ins. Co.,* No. 07–cv–8196, 2008 WL 1805459, at *2 (S.D.N.Y. Apr. 21, 2008) ("In circumstances where an arbitration award is confirmed, the public in the usual case has a right to know what the Court has done."); *Clearwater Ins. Co. v. Granite State Ins. Co.*, No. 15–cv–165, 2015 WL 500184, at *3 (S.D.N.Y. Feb. 5, 2015) (collecting cases) ("A party to an arbitration proceeding that is subject to confirmation proceedings in a federal court cannot have a legitimate expectation of privacy in all papers pertaining to the arbitration because the party should know of the presumption of public access to judicial proceedings.").

6. As an alternative to filing the entirety of the Final Award under seal, Catholic Mutual believes that the Final Award should be filed with certain limited redactions. Catholic Mutual has redacted the names of the survivors of sexual abuse. Outside of that information, no other information in the Final Award meets the standard for filing under seal as set forth by the Second

---

[1] *See* ECF Docket No. 1-1.

Circuit in *United States v. Amodeo*, 71 F.3d 1044, 1047-53 (2d Cir. 1995) (discussing the "presumption of access" to judicial documents, which may be redacted only for limited reasons such as privacy). Given this presumption of access, limited sealing "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Limited sealing may be justified by, for example, "the danger of impairing law enforcement or judicial efficiency" or "the privacy interests of those resisting disclosure." *Id.* at 120. These standards apply in proceedings to confirm arbitration awards. *See, e.g.*, *Bristol-Myers Squibb Co. v. Novartis Pharma AG*, No. 22-CV-04I62 (CM), 2022 WL 2133826, at *3 (S.D.N.Y. June 14, 2022), *reconsideration denied,* No. 22-CV-04162 (CM), 2022 WL 2274354 (S.D.N.Y. June 23, 2022) ("'Petitions to confirm arbitration awards, and their attendant memoranda of law and supporting documents, are judicial documents ...' . . . When a party seeks confirmation of an arbitration award by a court, the award becomes a judicial document subject to the presumption of public access because the 'district court is required to consider ... the arbitration award in determining whether it should be confirmed.'") (citations omitted) (denying motion to seal or redact a final arbitration award). Even when the documents at issue include claims of sexual abuse, the court may not seal them across the board, but must apply the presumption of access and narrowly tailor any sealing. *See Brown v. Maxwell*, 929 F.3d 41, 48-49 (2d Cir. 2019).

      WHEREFORE, Catholic Mutual respectfully requests that this Court grant leave to file the Arbitration Final Award under seal, or alternatively, leave to file the Arbitration Final Award in redacted form.

Dated: April 21, 2023

Respectfully submitted,

*/s/ Sonul Rao*

Sonul Rao
ARENTFOX SCHIFF LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
212-745-9543
Sonul.Rao@afslaw.com

*/s/ Everett J. Cygal*

Everett J. Cygal
David M. Spector
Catherine M. Masters (*pro hac admission pending*)
Daniel J. Schufreider (*pro hac admission pending*)
Sarah M. Oligmueller (*pro hac admission pending*)
ARENTFOX SCHIFF LLP
233 S. Wacker Dr., Suite 7100
Everett.Cygal@afslaw.com
David.Spector@afslaw.com
Catherine.Masters@afslaw.com
Daniel.Schufreider@afslaw.com
Sarah.Oligmueller@afslaw.com

*Counsel for Petitioners*

CH2:25901739.8

Application GRANTED IN PART.  Given the highly sensitive nature of the underlying allegations, the Court finds that the redactions of the victims' names in the award is sufficient to address the relevant privacy interests while still abiding by the "presumption of access" to the public in judicial documents like arbitration awards.  See *Bristol-Myers Squibb Co.* v. *Novartis Pharma AG*, 22 Civ. 4162(CM), 2022 WL 2133826 (S.D.N.Y. June 14, 2022) (collecting cases).  As such, Petitioner's motion to seal the award in full is DENIED, and the motion to file a redacted final award is GRANTED.

The Clerk of Court is directed to terminate the pending motion at docket number 6.

Dated:     April 24, 2023         SO ORDERED.
           New York, New York

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Leave to File Under Seal Arbitration Final Award was served via ECF on all counsel of record.

April 21, 2023                                                                                         */s/ Sonul Rao*
                                                                                                            Sonul Rao